UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| ABDALLAH M. DAIS, | : | CASE NO. 4:13-CV-02783 |
| Petitioner, | : | |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. No. 1] |
| JOE COAKLEY, WARDEN, | : | |
| Respondent. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* petitioner Abdallah M. Dais filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He is currently incarcerated in FCI-Elkton, having been convicted in the United States District Court for the Central District of California in July 2002 of one count of conspiracy to aid and abet the manufacture of methamphetamine and illegal possession of listed chemicals. Petitioner claims the United States Supreme Court's decisions in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Apprendi v. New Jersey* 530 U.S. 466 (2000) render him actually and factually innocent of the crimes of which he was convicted. He seeks an order from this Court vacating his conviction, and releasing him unconditionally from his incarceration. For the reasons set forth below, the petition is denied and the action is dismissed.

Petitioner also filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). That Application is granted.

## I. Background

Petitioner and three co-defendants were indicted in 2001 on charges of conspiracy to aid and abet the manufacture of methamphetamine and possession of pseudoephedrine knowing or having reason to believe it would be used in the manufacture of methamphetamine. One of the co-defendants transported the pseudoephedrine to California where petitioner and other defendants stored it and sold it to known methamphetamine manufacturers. Petitioner was found guilty by a jury in July 2002. He appealed his conviction which was affirmed in June 2004. He also filed a Motion to Vacate his Conviction under 28 U.S.C. § 2255. That Motion was denied in February 2009.

Petitioner has now filed this habeas petition under 28 U.S.C. § 2241 claiming the Supreme Court's decisions in *Alleyne* and *Apprendi* make him actually innocent of conspiracy to aid and abet the manufacture of methamphetamine. He contends these cases mandate that all elements of the crime, including the identity of the drug in question, be found by a jury. He claims the Government was therefore required to prove to the jury that he was directly involved in the manufacture of methamphetamine. He asserts, however, he merely bought and sold the pseudoephedrine pills which were used by others to make methamphetamine. He contends that if he had sold the pills to an individual who then turned them into methamphetamine and gave the methamphetamine back to him, he would have been part of a conspiracy to manufacture the illegal drug. He claims, however, that merely buying pseudoephedrine from one defendant and selling it to another "only constitutes a 'Buyer Seller Relationship'" and does not support a finding of direct involvement in the manufacture of methamphetamine. (Doc. No. 1 at 6). He asserts that the pills he sold were "only a means to 'aid' and 'abet' the 'manufacture' of

methamphetamine" but did not satisfy the elements of the crime. He contends that the jury did not find him guilty of every element of this offense and therefore he is entitled to have his conviction vacated.

## II. Legal Standard

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## III. Analysis

A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion with the trial court under 28 U.S.C. § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition under §2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889,

-3-

894 (6th Cir. 1999).

Section 2255 does contain a "safety valve" provision which permits a federal prisoner challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). Section 2255 is not inadequate or ineffective merely because relief has already been denied under that provision, *see e.g., In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988), because petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C. Cir. 1986), or because petitioner has been denied permission to file a second or successive motion to vacate, *see In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

To fall within any arguable construction of the savings clause, a petitioner must show that an intervening change in the law establishes his actual innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his conviction is valid. Actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence of a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462. In addition, "actual innocence means factual innocence, rather than mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, a petitioner must demonstrate: (1) the existence of a new interpretation of statutory law; (2) issued after petitioner had sufficient time to incorporate the new interpretation into his direct appeals or

subsequent motions; (3) which is retroactive; and (4) which applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him. *Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012).

Petitioner claims this new interpretation of statutory law comes from the Supreme Court's decisions in *Alleyne* and *Apprendi*. Petitioner claims these cases demonstrate the Government is required to prove every element of the crime, including the amount and type of drug involved. He contends the Government did not prove he was directly involved in the manufacture of methamphetamine, and therefore he cannot be guilty of conspiring to aid and abet the manufacture of methamphetamine.

Petitioner, however, misreads both of these cases. They address sentencing issues, not the statutory definitions of the crimes of which petitioner was convicted.

The defendant in *Apprendi* was charged under New Jersey law with second-degree possession of a firearm for an unlawful purpose, which carries a prison term of 5 to 10 years. Although he discharged the firearm into the home of an African-American family, the indictment did not refer to the State's hate crime statute, which provides for an enhanced sentence if a trial judge finds, by a preponderance of the evidence, that the defendant committed the crime with a purpose to intimidate a person or group because of race. After Apprendi pled guilty, the prosecutor filed a motion to enhance the sentence under the hate crime statute. The court found that the shooting was racially motivated and sentenced Apprendi to a 12-year term on the firearms count, rather than the 10-year maximum sentence provided by the statute. The United State Supreme Court overturned this enhanced sentence and held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

-5-

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.

The *Alleyne* case is similar, but it concerns mandatory minimum sentences. Alleyne was convicted by a jury of using or carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), a violation subject to a mandatory minimum five years incarceration. *Alleyne*, 133 S. Ct. at 2156. At sentencing, however, over Alleyne's objection, the judge found that Alleyne had "brandished" a firearm, raising his mandatory minimum sentence to seven years under the applicable statute.[1] *Id*. The trial court determined that, under *Harris v. United States*, 536 U.S. 545 (2002), brandishing was a sentencing factor, which the court could find without violating Alleyne's Sixth Amendment right to a jury trial. *Id.* The Court of Appeals affirmed, and Alleyne petitioned for a Writ of Habeas Corpus, arguing that *Harris* could not be reconciled with the rule in *Apprendi v. New Jersey*, 530 U.S. 466, (2000), which held that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime [,]" which must be proved to a jury. *Apprendi*, 530 U.S. at 478.

The Supreme Court agreed with Alleyne, holding that any fact that increases a mandatory minimum sentence for a crime beyond what is listed in the statute is an "element" of

---

[1] Section 924(c)(1)(A) provides, in relevant part, that anyone who "uses or carries a firearm" in relation to a "crime of violence" shall:
    (i) be sentenced to a term of imprisonment of not less than 5 years;
    (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
    (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

the crime, not a "sentencing factor," that must be found by a jury. *Alleyne*, 133 S. Ct. at 2162-63.

Petitioner attempts to use *Alleyne* and *Apprendi* to argue his actual innocence; however, neither *Alleyne* nor *Apprendi* establish an intervening change in the law that decriminalizes the acts which form the basis of petitioner's conviction. They are sentencing-error cases. *See Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013)(finding *Alleyne*, like *Apprendi* before it, "does not bear on whether a defendant is innocent of a crime, but merely limits the potential punishment for it.") Claims of sentencing errors do not serve as the basis for an actual innocence claim. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) (holding *Apprendi* could not be basis for actual innocence claim).

Moreover, *Apprendi* could not be considered an intervening change in the law, as it was decided prior to petitioner's conviction. The elements of petitioner's crime have not been altered by either *Alleyne* nor *Apprendi*. Petitioner is merely arguing that the jury did not come to the right conclusion when they found him guilty. This type of assertion does not support a claim of "actual innocence" and does not fit within the safety valve provision of § 2255. He cannot assert these claims in a §2241 petition.

### IV. Conclusion

Accordingly, petitioner's Application to Proceed *In Forma Pauperis* is granted, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28

U.S.C. § 2253; Fed.R.App.P. 22(b).

    IT IS SO ORDERED.


Dated: May 27, 2014          *s/        James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE